[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16496
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00733-TJC-JRK


ERSKINE L. CURRY,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 23, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

I.

In 2005, Erskine L. Curry was charged with two counts of sexual battery on a mentally or physically incapacitated person, in violation of Fla. Stat. § 794.011(4)(d).  Count one involved a woman named M.L., and count two involved a woman named K.W.  The state trial court severed the counts before trial.  The State proceeded first on count two, involving K.W.

In the jury trial for the count-two offense, held in March 2006, the court allowed the State to introduce as similar fact evidence the testimony of M.L. regarding the severed count one.  *See* Fla. Stat. § 90.404(2)(a).  The court allowed the testimony even though a DNA test of clothing worn by M.L. during the alleged sexual battery—which Curry believed would exculpate him of any crime against M.L.—was underway but had not concluded.  Further, at trial a State witness named Allen Carnley, who had spent time in jail with Curry, testified that Curry had asked him to lie to an investigator from the Public Defender's office by saying that K.W. smoked crack and had "cried rape before on another guy."  Carnley was initially a defense witness, called by defense counsel at Curry's pretrial bond hearing, but turned adverse after testifying during cross-examination at the bond hearing that Curry had asked him to lie to the Public Defense investigator.  The jury convicted Curry of the lesser-included offense of sexual battery, and the court

2

sentenced him to thirty years in prison.  Curry filed an appeal, and a Florida district court of appeal affirmed per curiam shortly thereafter.

Curry then moved under Fla. R. Crim. P. 3.853 to obtain DNA testing of M.L.'s clothing, but the motion was denied after the State responded that testing was not completed in the M.L. case.  Curry also filed for state postconviction relief from his conviction in the K.W. case under Fla. R. Crim. P. 3.850.  He raised, in relevant part, claims of ineffective assistance of counsel based on counsel's failure to get the DNA test results regarding M.L.[1] and failure to investigate and depose Carnley before trial.  The postconviction trial court denied Curry relief and a Florida district court of appeal affirmed summarily.  Next, Curry filed a 28 U.S.C. § 2254 petition in the United States District Court for the Middle District of Florida raising numerous claims, including ineffective-assistance claims similar to those raised in the state postconviction proceedings.

The District Court addressed and denied Curry's numerous claims, and then granted Curry a certificate of appealability ("COA") as to two of them:

1. Whether[,] assuming the claim . . . was neither procedurally barred nor addressed by the state court on the merits, Curry's counsel was

---

[1] The state postconviction courts did not address this precise ineffective-assistance claim, and thus the District Court held that the claim was neither procedurally barred nor addressed on the merits in state court.  The District Court then denied the claim on the merits.  This all informs the first issue in the COA granted by the District Court, quoted *infra*.

constitutionally ineffective with respect to his failure to obtain DNA test results in the M.L. case.[2]

2. Whether Curry's counsel was constitutionally ineffective by failing to investigate witness Allen Carnley before trial, such that the state court's adjudication of [this] claim . . . was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

These claims are the subject of Curry's *pro se* appeal.[3]  We address them in turn, and ultimately affirm the District Court's denial of Curry's § 2254 petition.

## II.

We review the first ineffective-assistance claim posed in the COA *de novo*. *See Berghuis v. Thompkins*, 560 U.S. 370, 390, 130 S. Ct. 2250, 2265 (2010).[4]  *Pro*

---

[2] We likewise assume this claim was not procedurally barred or addressed on the merits in state court.

[3] Curry's appellate brief lists five arguments, three addressing issues not presented in the COA.  Our review is generally limited to the specific issues set out in the COA.  *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998).  Further, this Court issued a July 10, 2017 order denying Curry's motion to expand the COA, and then on February 12, 2018 denied Curry's motion for reconsideration of the July 10 order.  We thus consider only the two issues in the COA.

We also note that Curry has tied into his first ineffective-assistance claim—regarding counsel's failure to obtain DNA test results in the M.L. case—an argument that counsel was ineffective in allowing the State to engage in *Brady* and *Giglio* violations.  *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972).  The state postconviction courts found no *Brady* or *Giglio* violation, and the District Court recognized this and tailored the COA to preclude any *Brady* or *Giglio* aspects.  Accordingly, we do not reach any *Brady* or *Giglio* issues.

[4] As stated in note 2, *supra*, we assume that this claim was not addressed by the state courts.  We therefore do not apply 28 U.S.C. § 2254(d)'s harsher standard of review.  *Cf. Berghuis*, 560 U.S. at 390, 130 S. Ct. at 2265 ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether [§ 2254(d)] deference applies,

*se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To succeed on an ineffective-assistance claim under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the petitioner must show that (1) counsel was deficient (2) to the level that it prejudiced the defense. To be found deficient, counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* There is a strong presumption that counsel's conduct fell within a range of reasonable professional assistance. *Id.* at 689, 104 S. Ct. 2065. Prejudice is shown when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Here, Curry argues that trial counsel was ineffective in failing to obtain DNA test results in the M.L. case. Counsel, however, asked for the DNA test results prior to trial; the test was incomplete. Then, at trial, he used their absence strategically, arguing that there was no physical evidence that any sexual activity between Curry and M.L. took place. Counsel's actions constituted reasonable professional assistance. Moreover, even if the DNA test had been completed and revealed none of Curry's DNA—or revealed the DNA of someone other than

---

because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review.").

Curry—on M.L.'s clothing, this would not with reasonable probability have led to his exoneration of the alleged sexual battery committed against K.W.[5] The District Court did not err in denying Curry's ineffective-assistance claim related to the unobtained DNA test results.

## III.

Curry next argues that trial counsel was ineffective in failing to investigate Carnley after he gave adverse testimony at Curry's pretrial bond hearing. Had counsel done so, Curry avers, counsel would have gotten a better sense of what Carnley would testify to at trial and would have been able to impeach various aspects of Carnley's testimony. The state postconviction courts denied this claim on the merits, and the District Court held that the state courts did not unreasonably apply *Strickland*.

The Antiterrorism and Effective Death Penalty Act of 1996 provides that, after a state court has adjudicated a claim on its merits, a federal court may grant habeas relief only if the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[5] M.L. was only a fact witness at the trial involving K.W. Further, M.L. testified that Curry wore a condom when he sexually battered her, which could reasonably explain a lack of his DNA. Finally, Curry did not specify when the police obtained M.L.'s clothes, or explain where the clothes had been prior to or after the alleged sexual battery.

proceeding." 28 U.S.C. § 2254(d). Curry's argument falls under § 2254(d)'s first prong: the state courts' decisions were contrary to, or involved an unreasonable application of, *Strickland*, which the District Court failed to recognize.

Section 2254(d)'s "highly deferential standard . . . demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398 (2011) (quotation omitted). Moreover, judicial review of a *Strickland* claim is "doubly deferential" when, as here, a federal court reviews a petition from a state-court decision. *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420 (2009). The pertinent inquiry under § 2254(d) becomes "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011).

Counsel has a duty to make reasonable investigations. *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. However, this duty is not absolute and counsel is not required to investigate specific facts and lines of defense. *Everett v. Sec'y, Fla. Dep't of Corr.*, 779 F.3d. 1212, 1249–50 (11th Cir. 2015). "The evaluation of whether an attorney has adequately conducted pre-trial investigation is complex, depending upon such factors as the number of issues in the case, the relative complexity of those issues, the strength of the government's case, and the overall strategy of trial counsel." *Mulligan v. Kemp*, 771 F.2d 1436, 1440–41 (11th Cir.

1985) (quotation omitted).  This assessment is heavily deferential to counsel's judgment.  *See Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066.

Here, counsel testified at an evidentiary hearing that Carnley's bond-hearing testimony sufficed for purposes of counsel's trial strategy, and added that he believed further investigation of Carnley might help the State develop its theory that Curry was asking witnesses to lie.  It was reasonable for the state postconviction courts to credit as reasonable counsel's strategic decision to eschew further investigation of Carnley.  The state postconviction courts therefore did not unreasonably apply *Strickland*, which the District Court properly recognized.

IV.

For the foregoing reasons, we affirm the District Court's denial of Curry's § 2254 petition.[6]

**AFFIRMED.**

---

[6] Curry also filed a letter with this Court on March 26, 2018, which was construed as a renewed motion for reconsideration of this Court's July 10, 2017 order denying his motion to expand the COA.  *See supra* note 3.  That motion is **DENIED**.